■ BURNSIDE BARGAIN STORE, INC., et al., Respondents, v ROBERT CARMEL, Appellant, et al., Defendant.—Order and judgment (one paper), Supreme Court, New York County (Myriam J. Altman, J.), entered on or about April 14, 1989, granting plaintiffs' motion for partial summary judgment to the extent of dismissing those affirmative defenses and counterclaims seeking reformation of the lease and declaring plaintiffs' sublease to the additional counterclaim defendant to be valid, and the order of the same court, entered June 13, 1989, granting reargument and adhering to the earlier ruling, unanimously affirmed, with costs.

In this case of alleged unilateral mistake by a landlord in the execution of a lease, the landlord bears a heavy burden not only to overcome the heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties, but also to demonstrate exactly what was purportedly agreed upon between the parties *(Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219). The only acceptable evidence that this landlord can point to is a clause in a first draft of the lease. However, that clause was entirely replaced in the two subsequent revisions with a clause favorable to the tenant. The lease was negotiated at

arm's length by this experienced landlord, and was drafted by his attorney, also experienced in such matters. The reformation that the landlord seeks involves the complete substitution of a clause favorable to the landlord, a substitution which cannot be countenanced on the theory of scrivener's error. Reformation is a remedy to be afforded under only the most limited circumstances *(Chimart Assocs. v Paul,* 66 NY2d 570, 574). Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.